NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK NEWTON., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY, *et al.* <br><br> Defendants. | Civil Action No.: 15-6481 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss *Pro se* Plaintiff Mark Newton's Amended Complaint, filed on behalf of Defendants Hon. Glenn A. Grant, J.A.D., Deborah Despotovich, Dorothy Howell, Okey Emengua, Nerissa Collins, Natalie Hawkins (improperly pled as "Doe Hawkins"), and Christopher Stanecki. (ECF No. 22).[1] Although the

---

[1] A review of the docket indicates that none of the Non-Moving Defendants have filed an answer or otherwise responded to the Complaint. On May 25, 2016, the undersigned issued an Order directing the United States Marshal to serve a copy of the Amended Complaint and Summons on all remaining Defendants. (ECF No. 13). To that end, that same day, the Clerk of Court mailed Plaintiff a letter enclosing a USMS Form 285, which Plaintiff was required to complete and return to the USMS within 30 days. (ECF No. 14). The letter instructed Plaintiff that "[o]ne 285 form must be completed for each named defendant to be served. The USMS will NOT serve the summons and complaint unless it receives a form for that defendant." The letter further advised Plaintiff that **"[i]t is your responsibility to inquire of the USMS as to whether service has been made and, if necessary, to request an extension of time for service from the Judge presiding over your case.** If within 90 days of the filing of the complaint, you have not made service or requested an extension of time, the Court may dismiss this action for failure to prosecute under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure." (*Id.* (emphasis added)).
 It is beyond this Court's knowledge why the remaining, Non-Moving Defendants have not answered or otherwise respond to the Amended Complaint. A review of the docket indicates, however, that these Non-Moving Defendants have not been served with a copy of the summons and complaint. (*See* ECF Nos. 15-19). It appears that a summons was issued as to County of Essex, Essex County Correctional Facility, Essex County Probation Department, Robert Roe and Mary Doe, and the State of New Jersey on June 23, 2016. (ECF No. 15). However,

1

undersigned granted Plaintiff's untimely request for an extension of time, until December 5, 2016, to oppose this motion (ECF No. 24) Plaintiff has not opposed this motion. The Court decides this matter on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court grants Defendants' motion to dismiss Plaintiff's Amended Complaint, and dismisses this action without prejudice.

## I. Background

In April 1997, *Pro se* Plaintiff Mark Newton was convicted of "endangering the welfare of a child." (Compl. at 3, ¶ 1). Plaintiff alleges that said conviction was infirm, and that he was not, in fact, guilty of this offense. (*Id.* at 3, ¶¶ 1-2). In June 1997, in connection with the April 1997 conviction, Plaintiff was sentenced to five years of probation. (*Id.* at 3, ¶ 2). Plaintiff was also assessed fines and penalties. (*Id.*). Plaintiff alleges that as of June 2002, he had "completed the probationary sentence, and satisfied all outstanding fines, and fees, and was discharged from probation." (*Id.* at 4, ¶ 3). According to Plaintiff, he was advised that his sentence had been satisfied by Defendant Nerissa Collins in August of 2002. (*Id.* at 11, ¶ 2).

Notwithstanding his satisfaction of this sentence, Plaintiff alleges that "Defendant[,] Nerissa Collins, with the concurrence of Defendants[,] Christopher Stanecki, the Chief Probation Officer of Essex County, and Dorothy Howell, Chief Probation Officer[,] requested that Plaintiff's probation be violated, and that a Bench Warrant be issued for Plaintiff's Arrest." (*Id.* at 4, ¶ 3). Plaintiff further alleges that these Defendants "garnered a 'Bench Warrant' which commanded Plaintiff's arrest." (*Id.* at 4, ¶ 5).

---

there is no indication on the record that service has been properly effectuated as to any of these Defendants, and there is no indication on the record that a summons was ever issued as to Defendant Charles Green. Because the Court is not in receipt of any correspondence from Plaintiff inquiring into the status of service upon the Non-Moving Defendants, the Court dismisses the Non-Moving Defendants who have not otherwise already been dismissed from this matter with prejudice (*see* ECF No. 13) pursuant to Rule 4(m) for failure to prosecute.

undersigned granted Plaintiff's untimely request for an extension of time, until December 5, 2016, to oppose this motion (ECF No. 24) Plaintiff has not opposed this motion. The Court decides this matter on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court grants Defendants' motion to dismiss Plaintiff's Amended Complaint, and dismisses this action without prejudice.

### I. Background

In April 1997, *Pro se* Plaintiff Mark Newton was convicted of "endangering the welfare of a child." (Compl. at 3, ¶ 1). Plaintiff alleges that said conviction was infirm, and that he was not, in fact, guilty of this offense. (*Id.* at 3, ¶¶ 1-2). In June 1997, in connection with the April 1997 conviction, Plaintiff was sentenced to five years of probation. (*Id.* at 3, ¶ 2). Plaintiff was also assessed fines and penalties. (*Id.*). Plaintiff alleges that as of June 2002, he had "completed the probationary sentence, and satisfied all outstanding fines, and fees, and was discharged from probation." (*Id.* at 4, ¶ 3). According to Plaintiff, he was advised that his sentence had been satisfied by Defendant Nerissa Collins in August of 2002. (*Id.* at 11, ¶ 2).

Notwithstanding his satisfaction of this sentence, Plaintiff alleges that "Defendant[,] Nerissa Collins, with the concurrence of Defendants[,] Christopher Stanecki, the Chief Probation Officer of Essex County, and Dorothy Howell, Chief Probation Officer[,] requested that Plaintiff's probation be violated, and that a Bench Warrant be issued for Plaintiff's Arrest." (*Id.* at 4, ¶ 3). Plaintiff further alleges that these Defendants "garnered a 'Bench Warrant' which commanded Plaintiff's arrest." (*Id.* at 4, ¶ 5).

---

been properly effectuated as to any of these Defendants, and there is no indication on the record that a summons was ever issued as to Defendant Charles Green. Because the Court is not in receipt of any correspondence from Plaintiff inquiring into the status of service upon the Non-Moving Defendants, the Court considers the claims to have been forfeited.

As a result of the wrongfully issued Bench Warrant, Plaintiff claims that from the period of June 2002 through August 2007, he "had been record checked by various Law Enforcement Agencies," none of whom advised him that there was an outstanding Bench Warrant for his arrest. (*Id.* at 11, ¶3).

Plaintiff claims that in May 2007, he was advised of the existence of the Bench Warrant by Essex County Probation Officer Melissa Noble Hutchinson. (*Id.* at 13, ¶ 2). Thereafter, Plaintiff contacted the Essex County Public Defenders' office, and was advised that a Bench Warrant had indeed been issued for his arrest. (*Id.* at 13, ¶ 2). The Public Defender's office represented Plaintiff in an August 23, 2007 hearing with respect to the validity of the Bench Warrant. (*Id.* at 13, ¶¶ 3-6). During that hearing, the Essex County Prosecutor's Office did not contest validity of the Bench Warrant, and Essex County Superior Court Judge Michael Ravin ruled that the Bench Warrant should be vacated and re-called because Plaintiff had satisfied the conditions of his sentence related to the 1997 conviction. (*Id.* at 13, ¶ 6). Despite Judge Ravin's ruling vacating the Bench Warrant, Plaintiff maintains that "the State of New Jersey Defendants, Glen Grant, Dorothy Howell, and Debra Despotovich, did not process the order of Judge Ravin." (*Id.* at 14, ¶ 8).[2]

Moreover, in March of 2009, Plaintiff was unable to receive a tax rebate check issued by the State of New Jersey on account of a hold having been placed on his account. (*Id.* at 15, ¶¶ 2-3). Inquiring into the reason for the hold, Plaintiff spoke with Defendant Hawkins, a Supervisor at the Essex County Probation Department, who advised him that "she had thoroughly research Plaintiff's case, and that he did not owe any fines, that his probation had been successfully

---

[2] Plaintiff also attributes the failure to vacate the Bench Warrant to Defendants Nerissa Collins and Emengua Okey; however, Plaintiff has not plead any specific conduct taken by either of these Defendants. (*See* Compl. at 14, ¶ 10).

3

concluded, and otherwise terminated," and that there was no Bench Warrant out for his arrest. (*Id.* at 16 ¶ 6). Plaintiff alleges that Ms. Hawkin's statement that there was no Bench Warrant for Plaintiff's arrest was "deliberately false." (*Id.* at 16, ¶ 7).

In summary, Plaintiff claims that during the course of the May 2007 hearing and the March 2009 tax rebate debacle, Essex County personnel admitted that Plaintiff had fully satisfied the conditions of his probation and that there was no Bench Warrant for his arrest. (*Id.* at 16, ¶¶ 7-8). These incidents also alerted "both the Probation, and State of New Jersey Defendants to the problems involving Plaintiff which were not his fault, and provided Defendants with yet another opportunity to research Plaintiff's case, [and] 'Re-Call' the outstanding 'Bench Warrant' for Plaintiff's arrest." (*Id.* at 16-17, ¶ 9).

According to Plaintiff, on account of the wrongfully-issued Bench Warrant, he was arrested on August 30, 2013 and detained initially in the Union County Jail and subsequently in the Essex County Correctional Facility until September 6, 2013. (*Id.* at 6, ¶ 6). Plaintiff alleges that he suffered injuries and that his pre-existing medical conditions were severely aggravated during the course of said arrest and detainment. (*Id.* at 8, ¶ 5; *id.* at 12, ¶¶ 2-4).

Against this backdrop, Plaintiff filed the operative Amended Complaint against a number of individuals employed by the State of New Jersey and the County of Essex. In his thirteen-count Amended Complaint, Plaintiff seeks relief for alleged constitutional violations pursuant to 42 U.S.C. § 1983. (*Id.* at 31). The parties now moving to dismiss Plaintiff's Amended Complaint include the Hon. Glenn A. Grant, J.A.D., the Acting Administrative Director of Courts and the following six employees of the Essex Vicinage: (1) Deborah Despotovich, Criminal Division Manager; (2) Dorothy Howell, former Criminal Division Manager; (3) Okey Emengua, current Vicinage Assistant Chief Probation Officer; (4) Nerissa Collins, Senior Probation Officer; (5)

Natalie Hawkins, Investigator (improperly pled as "Doe Hawkins"), and; (6) Christopher Stanecki, former Vicinage Chief Probation Officer (now deceased) (collectively, the "Moving Defendants"). (Defs.' Br. at 1).

Defendants argue that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[3] Specifically, the Moving Defendants contend that they are officials of the State of New Jersey who are protected by sovereign immunity under the Eleventh Amendment. For the reasons discussed herein, this Court agrees.

## II. Legal Standard

The Eleventh Amendment to the United States Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State.

U.S. Const. Amend. XI. "The States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . ." *Alden v. Maine,* 527 U.S. 706, 713 (1999). Eleventh Amendment immunity extends not only to the State itself, "but also certain actions against stage agents and state instrumentalities." *Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429 (1997). This is so because "[a] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58,

---

[3] Because the Court finds that it lacks jurisdiction to hear this matter, the Court declines to address the Moving Defendants' argument that dismissal is also appropriate under Rule 12(b)(6). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expounded upon by judicial decree." (internal citations omitted).

In the case before this Court, Plaintiff seeks money damages against the following Moving Defendants acting on behalf of the State: the Hon. Glenn A. Grant, J.A.D, the Acting Administrative Director of Courts, and six employees of Essex Vicinage: Deborah Despotovich, Criminal Division Manager; Dorothy Howell, former Criminal Division Manager and current Vicinage Chief Probation Officer; Okey Emenuga, current Vicinage Assistant Chief Probation Officer; Nerissa Collins, Senior Probation Officer; Natalie Hawkins, Investigator; and Christopher Stanecki, former Vicinage Chief Probation Officer (now deceased).

The judicial branch of the New Jersey State government consists of the court system of New Jersey, constituting "an integral part of the State." *Johnson v. State of New Jersey*, 869 F. Supp. 289, 296-97 (D.N.J. 1994). Where employees of the State's Judiciary are sued in their official capacities for money damages, they are "entitled to cloak [themselves] in the State's sovereign immunity." *Johnson v. State of New Jersey*, 869 F. Supp. 289, 298 (D.N.J. 1994) (holding that defendant, the Administrative Office of the Courts, is entitled to Eleventh Amendment immunity from a suit for money damages).

Here, each of the Moving Defendants are employees of the State's Judiciary. Specifically, Judge Grant serves as both a Judge and Acting Administrative Officer of the Courts. *See Johnson*, 869 F. Supp. at 298 (holding that defendant, the Administrative Office of the Courts, is entitled to Eleventh Amendment immunity from a suit for money damages); *Hunter v. Supreme Court of New Jersey*, 951 F. Supp. 1161, 1178 (1996) (holding claims for damages against former Chief Justice of the New Jersey Supreme Court and former Superior Court Judge in the official capacities were barred by the Eleventh Amendment).

Similarly, Defendant Deborah Depotovich is an employee of the judiciary in her capacity as the Acting Criminal Division Manager within the Essex County Superior Court. (Defs.' Br. at

6

4). The remaining Moving Defendants hold positions within the Probation Division.[4] Just like the subdivisions of the Superior Court of New Jersey, the Probation Division is seen as "an integral part of the judiciary; everything that probation does it does as an arm of the judiciary." *Williams v. State*, 375 N.J. Super. 485, 494 (App. Div. 2005); *see also* N.J.S.A § 2A:168-5 to -13 and 2C:45-1 to -4 (establishing the probation department as a part of and under the authority of the State judiciary).

Here, Plaintiff has not expressly stated whether he is suing the Moving Defendants in their official or individual capacities. However, this Court construes the pleading as asserting claims against the Moving Defendants solely in their official capacities for two reasons. First, the complaint's caption identifies each Defendant in connection with his or her job title (i.e., "GLENN GRANT ADMIN. DIRECTOR OF THE COURTS"). *See Beckett v. Vega*, No. 05-cv-3443, 2006 WL 1320043, *3 (D.N.J. May 11, 2006). Second, to the extent Plaintiff offers any specific allegations against any of the Moving Defendants, these actions relate to the Defendants' duties and responsibilities as employees of the State. *See id.* Because, without express guidance from Plaintiff, the Court construes Plaintiff's complaint as asserting claims against the Moving Defendants in their official capacities, it is apparent that any money damages awarded to Plaintiff would come from the State's treasury. The Eleventh Amendment prohibits such a result.[5]

---

[4] Specifically, Dorothy Howell is a former Criminal Division Manager and current Vicinage Chief Probation Officer. Okey Emenuga is a current Vicinage Assistant Chief Probation Officer. Nerissa Collins is a Senior Probation Officer. Natalie Hawkins is an Investigator within the Probation Department, and Christopher Stanecki is a former Vicinage Chief Probation Officer (now deceased). (Defs.' Br. at 4-5).

[5] A State's sovereign immunity may only be waived where the State itself has "unequivocally express[ed] consent to suit in federal court," *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984), or alternatively, where Congress "authorize[s] such a suit in the exercise of its power to enforce the Fourteenth Amendment." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

Accordingly, the Court grants the Moving Defendants' motion to dismiss Plaintiff's complaint on Eleventh Amendment grounds. However, because the above analysis does not preclude the possibility that Plaintiff might amend his pleading to assert claims against Defendants that are not barred by the doctrine of sovereign immunity, the Court will dismiss Plaintiff's claims against the Moving Defendants without prejudice, giving Plaintiff the opportunity to amend.

### III. Conclusion

For the reasons stated herein, the Moving Defendants' motion to dismiss is hereby granted, and this matter is dismissed without prejudice. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

_____
JOSE L. LINARES, U.S.D.J.
1/2/17

---

Based on the facts presented before this Court, neither exception applies to the aforementioned Defendants in this case.